```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :     [PROPOSED]
UNITED STATES OF AMERICA           :     PROTECTIVE ORDER
                                   :
     - v. -                        :
                                   :     S2 19 Cr. 651 (LTS)
                                   :
GEORGE CACERAS ORTMEIER,           :
     a/k/a "Marin Catalin Ciovica,":
                                   :
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - - -x
```

HONORABLE LAURA TAYLOR SWAIN, Chief District Judge:

WHEREAS the Government intends to produce to the above-listed defendant in this case certain discovery materials that may contain personal identifying information for individuals other than the defendant and his co-defendants, including names, images, and telephone numbers, and/or materials that might be harmful to law enforcement agents' ongoing investigation if made public; and

WHEREAS pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3771, the Government desires to protect the sensitivity of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in

whole or in part as "Disclosure Material" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Disclosure Material,"[1] shall be deemed "Disclosure Material."

    2. Disclosure Material disclosed to the defendant, or to his counsel, during the course of proceedings in this action:

    (a) shall be used by the defendant or his counsel only for purposes of this action;

    (b) shall be kept in the sole possession of the defendant's counsel or the defendant;

    (c) shall not be copied or otherwise recorded by the defendant;

    (d) shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(e) below;

    (e) may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

    (i) attorneys in practice with defendant's counsel (such as partners and associates), consulting and *per*

---

[1] Any discovery materials that include a Bates or other label using the word "Confidential" are hereby designated "Disclosure Material."

*diem* counsel, and secretarial, clerical, paralegal, investigative, interpretation, translation, and student personnel employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses retained by the defendant or on his behalf in connection with this action; and

(iii) such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

(f) shall be either (i) returned to the Government following the conclusion of this case, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendant's counsel verifying in writing to the Government that such destruction has taken place; and

(g) shall not be posted on any Internet site or network site to which persons other than the parties hereto have access.[2]

3. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or

---

[2] The prohibition in paragraph 2(g) is redundant of other directives in this Order but is explicitly included out of an

communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

4. Sensitive Material disclosed to the defendant, or to the defendant's counsel, during the course of proceedings in this action, shall be subject to the conditions applicable to Disclosure Material, with the exception of paragraph 2(b) above. Sensitive Material may be shown to the defendant, but may not be maintained in the defendant's possession.

5. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom Disclosure Material is disclosed pursuant to paragraph 2(e). Designated Persons shall be subject to the terms of this Order.

6. Emma M. Greenwood, Esq., the court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of Disclosure Material and Sensitive Material to defense counsel who have entered appearances in this matter and to their employees who are assisting in the preparation and dissemination of such materials, and to third party vendors they may deem necessary to retain to process the discovery they receive, all in furtherance of fulfilling their duties and obligations under this Court's Order appointing Ms.

---

abundance of caution.

Greenwood as CDA. Ms. Greenwood shall serve this Protective Order upon any such attorney, employee, or vendor, instructing them that they are bound by its terms, and they shall instruct such other persons that further disclosure is prohibited.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

8. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
UNITED STATES ATTORNEY

By: *Samuel P. Rothschild*
Elizabeth A. Hanft
Samuel P. Rothschild
Robert B. Sobelman
Assistant United States Attorneys

*Andrew G. Patel*
Andrew G. Patel, Esq.
Counsel for George Caceras Ortmeier

*E. Greenwood*
Emma M. Greenwood, Esq.
Coordinating Discovery Attorney

DE# 636 resolved.
SO ORDERED:

 /s/ Laura Taylor Swain  5/3/2021
HONORABLE LAURA TAYLOR SWAIN
CHIEF UNITED STATES DISTRICT JUDGE